1839.

Hamersley
v.
Wyckoff.

---

### HAMERSLEY vs. WYCKOFF and others.

In a creditor's bill against the judgment debtor only, it is sufficient to sustain an application for an injunction, if the bill is sworn to by the complainant ; although he does not swear positively to the recovery of the judgment and the return of the execution unsatisfied, but merely swears to his belief of those facts, founded upon the information of his attorney.

Nov. 19.    THIS was an appeal by the defendants from a decision of the vice chancellor of the first circuit, refusing to dissolve an injunction. The suit was an ordinary creditor's bill against the defendants in the execution, and was verified by the complainant only. He d d not swear positively to the recovery of the judgment or to the return and filing of the execution. But he stated those facts upon his belief, and from information derived from his attorney in the suit at law ; referring to the record for the truth of those allegations in the bill.

*C. Edwards*, for the appellants.

*J. W. Hamersley*, for the respondent.

THE CHANCELLOR said the verification of the bill in this case was sufficient to sustain the injunction. That the judgment and execution being matters of record, and to which the defendants were parties, the practice of the court did not require the complainant to swear positively to the existence of the records which were referred to in the bill.

That this was an exception to the general rule as laid down 1839.
in the case of *Campbell* v. *Morrison*, (7 *Paige's Rep.* 158.)
And that the court had always permitted the ordinary
creditor's bills against the defendants in the judgment to
be verified in this form.   But where an injunction was
asked for against a third person, who was not a party to
the judgment upon which the bill was founded, if the com-
plainant did not personally know the facts constituting the
grounds of complaint against such third person, he should
annex to the bill the affidavits of those from whom the in-
formation of such facts was derived ; to entitle the com-
plainant to an injunction against such third party.

Order appealed from affirmed with costs.